IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES CAMPOS, | Cause No. CV 24-177-BLG-DWM |
| Petitioner, | |
| vs. | ORDER |
| BRIAN GOOTKIN, BOB OLSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on an application for writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner Charles Campos ("Campos"). (Doc. 1.) Campos is a state prisoner proceeding pro se.

Campos is currently incarcerated at the START Program as a result of his commitment to the Montana Department of Corrections ("DOC"). Following a guilty plea to Tampering with a Witness/Informants in Montana's Sixteenth Judicial District, Rosebud County, Campos was committed to the DOC for 5 years with 2 of the years suspended and recommended for a 6-month prerelease placement. (*Id.* at 2-3.) Written judgment was entered on June 18, 2024. (*Id.* at 2.)

1

Campos timely filed a direct appeal.  (*Id.* at 3.)  The matter was subsequently dismissed with prejudice following Campos's motion to voluntarily dismiss the matter, filed on his behalf by counsel.  *See State v. Campos*, DA 24-0484, Ord. (Mont. Nov. 27, 2024.)  Campos acknowledges he has not sought postconviction relief or habeas relief in the state courts.  (Doc. 1 at 3-4.)

In the instant matter Campos alleges: (1) his right to due process was violated because his sentencing was based on incomplete physical and mental health information and a flawed presentence investigation, (*id.* at 4, 10), (2) his trial counsel provided ineffective assistance, (*id.* at 5), (3) the DOC is deliberately indifferent to his medical needs, (*id.* at 9), (4) the conditions of his confinement constitute cruel and unusual punishment, (*id.*), (5) his present confinement violates the Americans with Disabilities Act ("ADA"), (*id.* at 10), (6) the risk assessment in the presentence investigation was flawed and failed to account for his traumatic brain injury, (*id.*), (7) he is presently being denied access to legal representation, (*id.* at 11), (8) his current placement contradicts medical recommendations, (*id.*), and (9) irreparable harm has resulted from his present confinement. (*Id.* at 12.) Campos acknowledges that none of these issues have been presented to the Montana Supreme Court, as his appeal was dismissed, and he has not sought any collateral relief.  *See generally*, (Doc. 1.)

Campos is advised that this Court may entertain a petition for a writ of

habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges,* 423 U.S. 19, 21 (1975). But a review of the materials submitted by Campos reveals that a writ under 28 U.S.C. § 2254 is likely not the proper vehicle to attempt to secure the bulk of relief he seeks.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A claim challenging prison policies and procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 n. 13 (2001). Prisoners seeking other challenges to their conditions of confinement may have recourse under 42 U.S.C. § 1983, but not habeas.

Claims 1, 2, and 6 ostensibly challenge the underlying judgment of conviction in the criminal case and are properly presented in a habeas proceeding. There is still, however, a procedural hurdle before Campos relative to these claims. They are unexhausted.

A federal court may entertain a petition for habeas relief only if the

3

petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999,

4

cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered these three claims. Campos must present these claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claim. *O'Sullivan*, 526 U.S. at 845. Because Campos has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal of these claims will be **without prejudice**, allowing Campos to return to this Court if and when he fully exhausts the claims.

As to the remaining claims- Claims 3, 4, 5, 7, 8, and 9- to the extent that Campos seeks to challenge the current conditions of his confinement, the claims would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition. *See Blair v. Martel*, 645 F. 3d 1151, 1157-58 (9th Cir. 2011) (Because the prisoner's claim did not challenge the validity of his conviction or "necessarily spell speedier release" it "belongs in a § 1983 complaint, not a habeas petition.").

Claims 1, 2, and 6 will be dismissed without prejudice as unexhausted. The Clerk of Court will be directed to supply Campos with a copy of the Court's standard 42 U.S.C. § 1983 complaint form. Should Campos wisht to pursue a challenge to the conditions of his confinement and/or violations of his civil rights

5

he should pursue relief under § 1983.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Campos has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because Claims 1, 2 and 6 are unexhausted, reasonable jurists would find no basis to encourage further proceedings. The remaining claims are not cognizable in federal habeas. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1.  Claims 1, 2, and 6 in Campos's Petition (Doc. 1) are DISMISSED without prejudice as unexhausted.  The remaining claims are dismissed as they are not cognizable in a § 2254 proceeding.

2.  The Clerk of Court is directed to provide Campos with a § 1983 complaint form along with the service copy of this order

3.  The Clerk of Court is directed to enter a judgment of dismissal and close this matter.

4.  A certificate of appealability is DENIED.

DATED this **25** day of February, 2025.

_____
Donald W. Molloy, District Judge
United States District Court